# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:06cv2

| | |
|---|---|
| CHRISTINA BENEFIELD and GUILLERMO MATEO, as Co-Personnel Representatives of the ESTATE OF DIANA CHRISTINE MATEO, ) ) ) ) ) ) | |
| Plaintiff, ) | |
| Vs. ) | ORDER |
| JENKINS L. CLARKSON, M.D.; and NANTAHALA WOMEN'S HEALTH CARE, P.C., ) ) ) ) | |
| Defendants. ) | |

**THIS MATTER** is before the court in accordance with 28, United States Code, Section 636(b),[1] and on the pleadings of the parties. On or about January 27, 2006, plaintiff filed this action for wrongful death. At the time of filing, plaintiff, a legal entity residing in North Carolina, asserted jurisdiction under 28, United States Code, Section 1332, which requires complete diversity; plaintiff's Complaint, however, not only named as a defendant a citizen and resident of Oregon, but specifically named as a defendant a North Carolina Corporation, Nantahala Women's Health Care, P.C. Complaint, at ¶ 4. Diversity jurisdiction under Section 1332 requires <u>complete</u> diversity. While the parties have made a good faith effort at resolving this problem, there are a number of procedural and substantive issues which have arisen from the Complaint and from the steps taken to resolve the initial problem. The court will first summarize the pleadings, then attempt to describe the problems and

---

[1] The undersigned has determined that Section 636(c) jurisdiction has not yet been invoked for the reasons that follow.

-1-

possible solutions.

On February 15, 2006, defendant Jenkins L. Clarkson, M.D., filed his Answer to the complaint (#7), which contained motions to dismiss. Simultaneously therewith, Defendant Clarkson filed a Memorandum of Law (#9) in support of the motions contained in the Answer. The following day, February 16, 2006, Defendant Clarkson filed a second Motion to Dismiss (#8),[2] which has not been supported with a memorandum. In those dispositive motions, Defendant Clarkson asserted three separate motions:

(1) Motion to Dismiss Based on Insufficiency of Process and Insufficiency of Service of Process;

(2) Motion to Dismiss Based on Lack of Subject Matter Jurisdiction; and

(3) Motion for Dismissal and Judgment on the Pleadings based on lack of personal jurisdiction over Defendant Clarkson.

On February 7, 2006, which was before Defendant Clarkson filed such motions, counsel for plaintiff, who apparently recognized that service was incomplete, obtained a new summons for Defendant Clarkson (#5). After such motions were filed, the parties filed a Stipulation of Dismissal as to the non-diverse defendant, Nantahala Women's Health Care, P.C., on February 22, 2006. (#11) After such stipulation was filed, plaintiff filed a return of service as to new summons for Defendant Clarkson. (#13) Three days later, on March 1, 2006, Defendant Clarkson filed a "Withdrawal of Motion to Dismiss for lack of Subject Matter Jurisdiction" (#12), which Defendant Clarkson mis-docketed in CM/ECF as a "motion."[3]

---

[2] No reason has been provided for the second filing, which appears to duplicate the effort of the previous day.

[3] It is most important in the self-docketing provisions of ECF for attorneys to correctly label pleadings inasmuch as a pleading that does not request relief is not a "motion," Fed.R.Civ.P. 7, and the court will be charged with a late motion unless such pleading is disposed of by Order.

As to Defendant Clarkson's "Motion to Dismiss Based on Insufficiency of Process and Insufficiency of Service of Process," Defendant Clarkson's "Withdrawal of Motion to Dismiss for Lack of Subject Matter Jurisdiction" concerns Rule 12(b)(1) and does not address the motions made under Rule 12(b)(4) & (5). While the court could assume that the return filed on February 28, 2006, resolved this issue, the March 1, 2006, withdrawal of the Rule 12(b)(1) motion does not acknowledge that proper service was in fact made.

As to Defendant Clarkson's Motion to Dismiss Based on Lack of Subject Matter Jurisdiction, it would appear that the parties are under the impression that their voluntary Rule 41(a)(1) dismissal of the claims against the non-diverse defendant, and Defendant Clarkson's subsequent withdrawal of that particular motion, have resolved the jurisdiction issue. This may not be so inasmuch as it appears that the parties cannot create complete diversity by unilaterally dismissing parties. The proper method for dismissal of non-diverse defendants was specifically addressed by the United States Supreme Court in Newman Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826 (1989), where the Court held, as follows:

> The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed. Like most general principles, however, this one is susceptible to exceptions, and the two that are potentially applicable here are reflected in 28 U.S.C. § 1653 and Rule 21 of the Federal Rules of Civil Procedure.

Id., at 830 (citation omitted). By utilizing the expedient of Rule 41, the parties have bypassed the provisions of Rule 21, which requires a determination by the court of whether the non-diverse defendant is dispensable. While the undersigned is not attempting to be a stickler for detail, it would appear from the case law that failure to follow the correct procedures can result in an invalid judgment. Id. Further, the district court has already held - - in a decision that is consistent with the underlying decision by the Court of Appeals in Newman-Green, Inc. (which required the parties to "dismiss a party" through amendment of the Complaint) -

- that the only appropriate way to dismiss less than all the claims in a civil action is not through Rule 41, but through Rule 15. In Gahagan v. North Carolina Hwy. Patrol, 1:00cv52 (W.D.N.C. Oct. 25, 2000),[4] the district court held, as follows:

> Rule 41 . . . speaks only to the dismissal of "actions." Plaintiff does not seek, at this juncture, to dismiss the entire action; rather, as stated *supra*, he wishes to dismiss certain claims within this action . . . . Rather than a Rule 41 dismissal, the Plaintiff should seek to amend his complaint by meeting the requirements of Rule 15. "A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." *Moore's Federal Practice 3d, § 41,21[2]* (citing *Skinner v. First Am. Bank of Virginia*, 64 F.3d 659 (table), 1995 WL 507264 (4th Cir. 1995).

Id., at 3-4 (citations omitted). Rule 41(a)(1) does not appear to be the appropriate vehicle for dismissal of anything less than an entire action. While the court greatly appreciates the efforts of respective counsel in narrowing the issues, the voluntary dismissal must, respectfully, be stricken. The appropriate method for obtaining the result sought in the Rule 41(a)(1) dismissal would be to jointly move under Rules 21 and 15 to drop a dispensable party and for leave to so amend.

Also left pending is Defendant Clarkson's Motion for Dismissal and Judgment on the Pleadings based on lack of personal jurisdiction over Defendant Clarkson. Defendant Clarkson's withdrawal of its Rule 12(b)(1) motion does not speak to withdrawal of this motion, which was apparently made under Rule 12(b)(2). From the outset, the court would respectfully recommend that counsel for Defendant Clarkson reread the basis for such motion, which appears at page three of his "Motion to Dismiss." (#8)

Finally, at this point the undersigned does not believe that consent to jurisdiction by a United States Magistrate Judge has been properly entered in accordance with 28, United

---

[4] Due to the limits of electronic filing, citation to such unpublished decision is by reference to the court docket number, with a copy of the decision of the district court being available through PACER and incorporated herein by reference.

States Code, Section 636(c), inasmuch as Nantahala Women's Health Care, Inc., has not entered its consent and has not been properly dropped from this action.

**ORDER**

**IT IS, THEREFORE, ORDERED** that parties are allowed seven days from receipt of this Order to either file appropriate motions to resolve the above identified issues or request a hearing.

Signed: April 5, 2006

Dennis L. Howell
United States Magistrate Judge