# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
## 2:06cv2

| | |
|---|---|
| CHRISTINA BENEFIELD and GUILLERMO MATEO, as Co-Personnel Representatives of the ESTATE OF DIANA CHRISTINE MATEO, <br><br> Plaintiff, <br><br> Vs. <br><br> JENKINS L. CLARKSON, M.D., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ORDER ) ) ) ) ) |

**THIS MATTER** is before the court in accordance with 28, United States Code, Section 636(b),[1] and on the plaintiff's first Motion to Amend Complaint (#19) ans second Motion to Amend Complaint (#20). For cause, plaintiff has shown that defendant Nantahala Womens Health Care, PC, is not an indispensable party inasmuch at it has no assets or insurance separate and apart from defendant Jenkins L. Clarkson, M.D. Based on such representation, to which defendants do not object, the court finds that defendant Nantahala Womens Health Care, PC is not an indispensable party whose continued presence in this action is required for complete adjudication. Fed.R.Civ.P. 21.

Turning next to plaintiff's Motion to Amend the Complaint to reflect the deletion of all claims against defendant Nantahala Womens Health Care, PC, the court finds that such request is in full compliance with the decision of the Supreme Court in <u>Newman Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826 (1989). Further, such methodology is in full compliance

---

[1] The undersigned has determined that Section 636(c) jurisdiction is not invoked until defendant Nantahala Womens Health Care, PC, either consents or is allowed to be dropped.

-1-

with the guidance found in Gahagan v. North Carolina Hwy. Patrol, 1:00cv52 (W.D.N.C. Oct. 25, 2000).[2] Finding that the proposed amendments are in conformity with the requirements of Rule 15(a), Federal Rules of Civil Procedure, inasmuch as such amendments appear to be made in good faith and would not prejudice the nonmoving party, the request will be allowed. Ward Electronics Service, Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987).

Finally, as a matter of housekeeping, the motions to dismiss with be denied without prejudice as withdrawn. The proposed amendments to the Complaint, and the dropping of a party, are reflected in the caption to this Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) plaintiff's first Motion to Amend Complaint (#19) is **DENIED** as moot;

(2) plaintiff's second Motion to Amend Complaint (#20) is **ALLOWED**, plaintiff is granted leave to drop defendant Nantahala Womens Health Care, PC, from its Complaint, and plaintiff is granted leave to so amend its Complaint by filing its Amended Complaint with the Clerk of this court within 10 days;

(3) defendants' Motion to Dismiss Based on Insufficiency of Process and Insufficiency of Service of Process is **DENIED** without prejudice as withdrawn;

(4) defendants' Motion to Dismiss Based on Lack of Subject Matter Jurisdiction

---

[2] Due to the limits of electronic filing, citation to such unpublished decision is by reference to the court docket number, with a copy of the decision of the district court being available through PACER and incorporated herein by reference.

is **DENIED**[3] without prejudice as withdrawn (#12); and

(5) defendants' Motion for Dismissal and Judgment on the Pleadings based on lack of personal jurisdiction over Defendant Clarkson is **DENIED** without prejudice as withdrawn.

Signed: April 24, 2006

Dennis L. Howell
United States Magistrate Judge

---

[3] With the permissive dropping of defendant Nantahala Womens Health Care, PC, the court now finds that Section 636(c) jurisdiction has been fully invoked by the remaining parties.