# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:06cv2

| | |
|---|---|
| CHRISTINA BENEFIELD and GUILLERMO MATEO, as Co-Personnel Representatives of the ESTATE OF DIANA CHRISTINE MATEO, <br><br> Plaintiffs, <br><br> Vs. <br><br> JENKINS L. CLARKSON, M.D., <br><br> Defendant. | ORDER |

**THIS MATTER** is before the court on defendant's Motions in Limine (#37) and plaintiffs' Motion in Limine to Exclude Dr. Baha Sibai (#38). Having considered such motions, the court enters the following evidentiary rulings:

**A.      Defendant's Motions in Limine**

**1.       Motion to Prohibit Plaintiffs' Experts from Rendering an Opinion as to Cause of Death Contrary to the Autopsy Report.**

This motion is denied. Defendant has not shown to the satisfaction of the court that the opinions of Dr. Marshall or Dr. Wagoner would be based on speculation or scientifically unreliable data; rather, it appears that Dr. Marshall and Dr. Wagoner are qualified medical doctors, specialists in their respective fields, who have reviewed the medical records, and that they are qualified to render an opinion based on their training and experience as to the cause of death.

**2.     Prohibit Plaintiffs' Expert, John R. Marshall, M.D., From Rendering Obstetrical Standard of Care Opinions.**

This motion is denied. Dr. John R. Marshall is qualified to render expert opinions as to whether Dr. Clarkson did or did not adhere to an obstetrical standard of care based on training and experience. The court can find no requirement that an expert on such standard personally deliver babies as part of his clinical practice; rather, it appears that Dr. Marshall instructs other doctors as to delivery of babies, allowing the new doctors the opportunity to delivery babies under his tutelage.

**3.     Any Other Claims or Suits Against the Defendant.**

This motion is granted. The court finds that any probative value that may exist with respect to such evidence would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading to the jury and should be excluded from evidence. Fed.R.Evid. 401-403.

**4.     Defendant Jenkins L. Clarkson, M.D.'s Insurance Coverage.**

This motion is granted. Fed.R.Evid. 411.

**5.     Tort Reform.**

This motion is granted.

**6.     Settlement Negotiations.**

This motion is granted.

**7.     Prior Lawsuits.**

This motion is granted.

### 8. Previous Awards or Settlements in Similar Cases.

This motion is granted.

### B. Plaintiffs' Motions in Limine: Dr. Baha Sibai

This motion is denied. In accordance with recent North Carolina law, the court finds that expert testimony that a doctor's professional services met the highest national standard of care satisfies the standard that the witness have knowledge regarding the standard of care in the community in accordance with N.C.G.S. §90-21.12. Specifically, it does not offend North Carolina law where a doctor testifies that, while not familiar with the standard of care in the Murphy community, he is familiar with the higher National standard of care and that such doctor's actions met that higher standard. To hold otherwise would be to create an absurd and illogical result, which is a result that North Carolina law would not abide.

Where the standard for the issue in the case was the same across the nation based on board certification, and if the witness is familiar with that standard, his testimony is acceptable despite a lack of knowledge of the actual community in which the defendant doctor practiced. Cox v. Steffes, 161 N.C. App. 237 (2003), *rev. den.*, 358 N.C. 233 (2004). An expert's testimony that the defendant met any standard of care obviates the need for familiarity with local community standards. Marley v. Graper, 135 N.C. App. 423 (1999), *cert. den.*, 351 N.C. 358 (2000). Further, linkage of a national standard to familiarity by the expert with the community in question or a similar community is required, Treat v. Roane, 2006 WL 2528490 (N.C. App. 2006), and it appears from defendant's proffer that Dr. Sibai is in fact

familiar with similar communities.

Signed: February 8, 2007

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge